CIVILIAN DEFENSE, INC., Plaintiff, v. EGAN-RYAN UNDERTAKING COMPANY et, Defendants.

Common Pleas Court, Franklin County.

No. 193588.  Decided July 19, 1957.

Marion A. Ross, for plaintiff.
J. Maxwell Maher, for defendants.

## OPINION

By MARSHALL, J.

On December 7, 1956, defendant, Egan-Ryan, filed its motion to strike from the files plaintiff's Fourth Amended Petition and also the

Amended Answer and Cross Petition filed by defendant, Ross, on November 28, 1956. At the same time said defendant, Egan-Ryan, alternately demurred to each cause of action of said pleadings, and also asked for final judgment of dismissal of this action.

This Court rendered its decision on April 1, 1957, sustaining the demurrer of defendant, Egan-Ryan, as to the 2nd, 3rd and 4th causes of action, but overruling its demurrer as the 1st cause of action of the Fourth Amended Petition and made similar rulings as to the demurrer directed to the four causes of action of the Cross Petition filed by defendant, Ross. The Court overruled other motions of defendant, Egan-Ryan.

Thereafter, before said decision was journalized, defendant, Egan-Ryan, made a motion for reconsideration of said decision and an oral hearing was had therein on July 9, 1957, at 3 P. M. The Court is willing to and does hereby sustain said motion for reconsideration. We will, therefore, fully reconsider the motions and demurrers filed by defendant, Egan-Ryan, on December 7, 1956.

A comparison of the four causes of action in the Fourth Amended Petition and those in the Third Amended Petition (to each of which a demurrer was sustained by Judge Draper), will show a marked resemblance. Likewise, a comparison of the four causes of action of the amended Cross Petition of defendant, Ross, filed November 28, 1956, and those in the amended Cross Petition of defendant, Ross, filed October 10, 1956 (to each of which a demurrer was sustained by Judge Draper), will show a marked resemblance. Also, the Fourth Amended Petition is substantially identical to the Amended Cross Petition of defendant, Ross, filed November 28, 1956. Nevertheless, we believe we should fully reconsider and rule on all motions and demurrers filed by defendant, Egan-Ryan, on December 7, 1956.

Plaintiff claims it has a right of way or easement across land that belongs to defendant, Egan-Ryan. Efforts have been made by defendant, Egan-Ryan, to require plaintiff to identify the kind of right of way or easement it claims, and state how it secured the same. Plaintiff has resisted such attempt, declining to give a specific name to its claim, but instead has made a recital of the history of the development of the right and has asked the Court to name it and see that it is protected as against defendant, Egan-Ryan.

We will attempt to summarize the history of plaintiff's claim, as set forth in its first cause of action. Incidentally, plaintiff's claim is made as a lessee of defendants, Ross, who claim as owners of the premises facing Capital Street. Both claims arise out of the same facts and for the sake of simplicity, we will use the expression "plaintiff" to indicate the one who claims the right of way or easement over the land of defendant, Egan-Ryan. Also for the sake of simplicity, we will designate the lot facing Capital Street as Parcel 1, (containing thereon the Ross building) and will designate the lot facing Oak Street as Parcel 2, (containing the Ryan house and the easement in question, extending from the south entrance of the Ross building southwardly over a cement walk to Oak Street).

Nellie M. Ross acquired Parcel 2 on March 26, 1904. At that time there was a walk east of the house which was used by the occupants of Parcel 1, in passing between Oak Street and the building located on Parcel 1.

On October 23, 1926, the same Nellie M. Ross acquired also Parcel 1. She remained the common owner of both parcels from October 23, 1926, until March 12, 1937, when the Columbian Building and Loan Association, through foreclosure, took title to Parcel 2.

Parcel 2 changed hands several times after March 12, 1937, the last conveyance being to defendant, Egan-Ryan, on March 31, 1954.

For the period prior to 1904, to the time defendant, Egan-Ryan acquired Parcel 2 in 1954, the cement walk east of the residence located on Parcel 2, and connecting Oak Street on the south to the building located on Parcel 1, on the north, was freely used by the occupants and invitees of the owner of Parcel 1. In other words, during the entire period from 1904 to 1954, the walk extending from Oak Street to the building on Parcel 1, and crossing Parcel 2, was recognized as one of the means of ingress and egress from the building on Parcel 1 to Oak Street. When defendants, Egan-Ryan, acquired Parcel 2 on March 31, 1954, they were aware of the presence of the walk and of its long history of use by the public in travelling between Oak Street and the building located on Parcel 1.

On or about August 7, 1955, the defendant, Egan-Ryan, as the owners of Parcel 2, attempted to close off the said walk or right of way and deny the same for use by the defendant, Ross, and the public, in travelling between Oak Street and the building located on Parcel 1.

On October 4, 1955, an order was made in this case, at the request of plaintiff, requiring all obstructions to be removed from the way and easement described in the petition until further order of this court.

The second cause of action, by the process of incorporation, recites substantially the same set of facts as summarized above for the first cause of action. It then characterizes the right of way as one of convenience and necessity to the occupants of Parcel 1.

The third cause of action also incorporates by reference, and recites the earlier history of the subdivision and the existence at such time of the right of way in question. Plaintiff suggests that when the Columbian Building and Loan Association took Parcel 2 by foreclosure, that there was no disturbance of said right of way and by implication it was continued for the benefit of Parcel 1.

The fourth cause of action incorporates by reference the basic facts and history of the claimed right of way and states that defendant, Egan-Ryan, bought Parcel 2 with full knowledge of the long-existing right of way over that parcel in favor of the owners and occupants of Parcel 1, and took title to Parcel 2 subject to such right.

Frankly, we do not believe plaintiff has stated four separate causes of action. They are all based essentially on the same set of facts, repeated by reference. Considering all facts alleged, we must determine whether or not plaintiff has stated one or more causes of action, and the same applies to the defendant, Ross.

We first hold, as we have before, that there was no easement or right of way over Parcel 2 in favor of Parcel 1, between October 23, 1926, and March 12, 1937. During this time Nellie M. Ross was the owner in fee of both parcels and there was no easement or right of way of record. Any easement by custom or adverse use which may have been in existence prior to October 23, 1926, was extinguished by merger of title. Between 1926 and 1937 said Nellie M. Ross could have continued the use of the walk way where it had been theretofore maintained, or changed its location, or eliminated it entirely, without formal action or affirmative act of any kind.

No easement or right of way which may have existed prior to 1926 can benefit plaintiff in any way in this action. After merger of title, any prior easement ceases and does not revive on subsequent severance of ownership of the two estates. (See **18 O. Jur. 2d, 619, Easements.**)

What easement could have arisen since March 12, 1937? Let's see what plaintiff alleges as the basis of its claimed easement or right of way.

The traditional or customary use which existed prior to 1904, and persisted through the ownership of Nellie M. Ross, between 1926 and 1937, cannot give rise to any rights in favor of plaintiff as already herein stated.

No easement by express grant has been claimed. When Parcel 2 was taken by foreclosure on March 12, 1937, no mention was made of an easement in favor of Parcel 1, so far as is known or claimed, in the Sheriff's deed to the purchaser.

Admitting that the various owners of Parcel 1 acknowledged the existence of the walk on their property, and let it be freely used by occupants of the building on Parcel 1, and the public generally, in going to and from Oak Street, between March 12, 1937, and August 7, 1955, when the defendant, Egan-Ryan, first erected the barricade, no easement was created by prescription. Such period of usage was short of the required twenty-one years.

The second cause of action suggests an easement based on convenience or necessity. Certainly there is inferred a convenience to occupants of Parcel 1 to pass freely between their building and Oak Street, as well as members of the public, including invitees. However, mere convenience cannot establish a legal easement or right of way, short of the 21 year period required to obtain a prescriptive right.

As to the necessity for such easement, or right of way, none is claimed. Each parcel actually has access to a duly dedicated public street. No easement in the form of a way of necessity will be implied where there is available another way of ingress and egress to and from the land involved, even though the alternate way is less convenient. (See **Trattar v. Rausch, 154 Oh St 286.**)

When Parcel 2 was taken on foreclosure on March 12, 1937, leaving the title to Parcel 1 in the name of Nellie M. Ross, there was no reservation of easement by implication in favor of Nellie M. Ross. Such an easement must be based on strict necessity, which in fact did not exist in this case. The fact that Nellie M. Ross would be inconvenienced by not being able to continue to use the walk to get to and from Oak

Street, as she had enjoyed for many years before, is not determinative of the issue. Furthermore, the knowledge by the grantee of Parcel 2 that such walk had long been used by the occupants of Parcel 1 would not preserve or create any such easement by implication. (See **Meredith v. Frank, 56 Oh St 479.**)

The defendant, Egan-Ryan, bought Parcel 2 on March 31, 1954, and knew of the existence of the walk and that it had been used for a long time as a means of travel between the building on Parcel 1 and Oak Street. We do not believe any such knowledge or any act done by defendant, Egan-Ryan, as alleged by the petition, would estop it from exercising its full rights of ownership and possession of Parcel 2. (See **Waibel v. Schleppi, 77 Oh Ap 305.**)

We therefore believe that no easement or right of way arose in favor of Parcel 1 and over Parcel 2 since March 12, 1937.

Finding that plaintiff, and defendant, Ross, have not set forth a cause of action for an easement or right of way over Parcel 2 in favor of Parcel 1, in any of the four causes of action set forth in the Fourth Amended Petition, or in any of the four causes of action of the Amended Answer and Cross Petition filed by defendant, Ross, on November 28, 1956, we sustain the demurrer of defendant, Egan-Ryan, as to each of same.

Since another branch of this court sustained similar demurrers to all four of the causes of action contained in plaintiff's Third Amended Petition, and to all four of the causes of action of the amended Answer and Cross Petition filed by defendants, Ross, on October 10, 1956, we believe said Fourth Amended Petition and said amended Cross Petition, filed November 28, 1956, should now be dismissed and the same are accordingly dismissed.

The temporary restraining order made by this court on October 4, 1955 is dissolved.